UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAFAEL ALVARADO HENRIQUEZ, aka OSCAR R. ALVARADO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III,<br><br>Respondent. | No. 2:18-cv-3128 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is confined in the Yuba County Jail awaiting deportation. Petitioner is proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. By order filed February 22, 2019, petitioner was ordered to show cause, within fourteen days, why this action should not be dismissed. On March 12, 2019, the undersigned recommended that this action be dismissed based on petitioner's failure to show cause. On March 13, 2019, petitioner filed a statement apologizing for his failure to timely respond to the motion to dismiss, explaining his limited law library access, and addressing the underlying merits of his claims. On March 20, 2019, petitioner filed objections, again addressing the underlying merits of his claims, reiterating his claim that he was not informed of the immigration consequences of accepting the plea bargain in the 2014 federal criminal proceedings in Kansas.

1

As discussed below, the undersigned finds that petitioner's motion for stay of removal should be denied, and respondent's motion to dismiss should be granted.

II. Background

Petitioner is a native and citizen of Guatemala. (ECF No. 21 at 3.) Petitioner entered the United States illegally, without documentation. Subsequently, according to records of the United States Department of Homeland Security ("DHS"), petitioner adjusted status to lawful permanent resident on August 1, 1996. (ECF No. 21 at 3.)

On August 11, 2014, in <u>United States v. Alvarado</u>, No. 14-cr-10050-01-JTM (D. Kansas), petitioner pled guilty to the unlawful use of a communication device in violation of 21 U.S.C. § 843(b). (ECF No. 21 at 12.) The plea agreement set forth the following factual basis for the guilty plea:

> A few days before March 17, 2014, the defendant, Oscar R. Alvarado and his codefendants decide to take a road trip from California to another state. The defendant had his mother rent a car for the trip. A hidden compartment inside the rental car held approximately 6 pounds of methamphetamine which the defendant knew was there and was to be delivered to someone in another state. The arrangements to make this trip occurred over the telephone between the defendant and his codefendants. On March 17, 2014, while in Wichita, Kansas, the defendant was stopped for a traffic infraction while he was driving the rental car. As the officer approached the car, he smelled raw marijuana. The officer called for backup, and then searched the car. In addition to finding marijuana, approximately 6 pounds of a substance believed to be methamphetamine was found in a hidden compartment behind the back seat. The DEA lab tested the drugs and confirmed it was methamphetamine, with purity equal to approximately 3 pounds actual methamphetamine.
>
> The defendant's use of his cellular telephone facilitated the plan to distribute methamphetamine to another person or persons who were located outside the state of California. In order to facilitate that delivery, the defendant and codefendants drove through Kansas, and the defendant used the telephone which was in the car when he was arrested in Kansas.

(ECF No. 21 at 13.) The plea agreement provided that petitioner "knowingly and voluntarily" waived any right to appeal or collaterally attack his conviction or sentence. (ECF No. 21 at 16-17.) The plea agreement also set forth the deportation consequences of petitioner's plea:

> **Deportation Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad

2

> range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. (Indeed, because defendant is pleading guilty to Unlawful use of a communication device, deportation is presumptively mandatory.)
>
> Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

(ECF No. 21 at 18.) Petitioner signed the plea agreement on August 11, 2014, the same date it was signed by his attorney of record. (ECF No. 21 at 20.) In addition, on August 11, 2014, petitioner signed, and swore to in open court, a "Petition to Enter Plea of Guilty and Order Entering Plea," which was filed in the criminal court record, and in which stated:

> (14) I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

U.S. v. Alvarado, No. 14-cr-10050-01-JTM (ECF No. 69 at 3).

On October 27, 2014, petitioner was sentenced to 48-months in federal prison. (ECF No. 21 at 7.) Judgment was entered on October 27, 2014. (Id. at 6.)

Petitioner did not file an appeal or a motion to vacate his sentence under 28 U.S.C. § 2255. Alvarado, No. 14-cr-10050-01-JTM.

Following completion of the federal prison term, petitioner was arrested on or about October 13, 2017, by the United States Immigration and Customs Enforcement ("ICE") and detained at the Mesa Verde Detention Facility in Bakersfield, California, pending completion of ICE proceedings. (ECF No. 21 at 3.)

On October 23, 2017, removal proceedings were initiated under INA § 240 by the filing of a Notice to Appear ("NTA") in the San Francisco Immigration Court. (ECF No. 21 at 3, 22.) Petitioner was charged as removable under INA § 237(a)(2)(A)(iii)(B) (aggravated felony drug-trafficking conviction). (ECF No. 21 at 22.)

////

On January 10, 2018, petitioner appeared via video-teleconference before an immigration judge "and through counsel admitted the allegations contained in the NTA and conceded removability under INA § 237(a)(2)(A)(iii)(B), but declined to designate a country of removal." (ECF No. 21 at 3.) The immigration judge designated Guatemala as the country of removal. (Id.)

On February 23, 2018, a merits hearing on petitioner's applications for relief was held; petitioner appeared via video-teleconference with counsel. The immigration judge denied the applications and ordered petitioner's removal to Guatemala. (ECF No. 21 at 4.) Petitioner appealed, but the decision was affirmed by the Board of Immigration Appeals ("BIA") on June 8, 2018. (ECF No. 21 at 4.)

Petitioner filed a petition for review of the BIA decision on July 9, 2018, in the United States Court of Appeals for the Ninth Circuit. On December 19, 2018, petitioner's motion for a stay of removal pending review was denied by the Ninth Circuit. (ECF No. 21 at 33-34; Henriquez v. Whitaker, No. 18-71949 (9th Cir. Dec. 19, 2018), citing see Nken v. Holder, 556 U.S. 418 (2009); Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011).)[1]

Petitioner filed a timely motion to reopen with the BIA; the motion was denied on November 27, 2018. (ECF No. 21 at 4.)

On January 4, 2019, travel documents were obtained from the Government of Guatemala. (ECF No. 21 at 4.) Petitioner was scheduled to be sent to Guatemala by ICE Air, with a projected arrival date of January 16, 2019; however, he was not removed due to petitioner providing a copy of an order related to the pending "motion for an emergency stay of removal" filed in this action. (ECF No. 21 at 4.)

At the time petitioner filed this action on November 1, 2018, review was pending before the Circuit, with the opening brief due on March 20, 2019. (ECF No. 21 at 35.) However, on April 8, 2019, the Ninth Circuit dismissed the case for failure to prosecute. Henriquez, No. 18-71949 (9th Cir. Apr. 8, 2019).

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

III. Motion to Dismiss

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Id. The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998). Rule 1(b) provides that the Rules Governing § 2254 Cases apply to habeas corpus petitions brought pursuant to § 2241.

IV. Petitioner's Motion for Stay of Removal

Petitioner seeks an order staying his removal pending a decision in the instant habeas corpus action brought under 28 U.S.C. § 2241. Petitioner contends that he is likely to succeed on the merits of his § 2241 challenge because defense counsel and the trial court did not advise petitioner that the plea agreement waived his right to appeal or bring collateral challenges, or about relevant immigration consequences, violating his constitutional rights under the Fifth, Sixth and Fourteenth Amendments. (ECF No. 15 at 2.) As a consequence, petitioner will suffer the irreparable injury of being deported and barred from lawful return to the United States, where he has lived for all but one year of his life, and be separated from his wife and children. Petitioner argues that being separated from his family also violates the public interest. Petitioner relies on 28 U.S.C. § 2251, and Bundy v. Wainwright, 808 F.2d 1410 (11th Cir. 1987). (ECF No. 15 at 1-2.)

Respondent counters that this court has no jurisdiction to issue a stay of removal.

A district court may stay proceedings in the exercise of its authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for [the] litigants." Landis v. N. Am. Co., 299 U.S. 248 (1936). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433-34. Motions to stay are analogous to requests for preliminary injunctive relief, and the analysis is similar. Id. at 426 (considering (1) likelihood of

success on the merits, (2) likelihood of irreparable harm, (3) potential impairment to opposing party's interest in the proceedings, and (4) public interest considerations).

Despite petitioner's arguments that he meets such factors, the undersigned does not address these factors because it does not have jurisdiction to provide the relief petitioner seeks.

In his motion, petitioner seeks an "Emergency Stay of Removal pending the outcome of his Writ of Habeas Corpus proceedings." (ECF No. 15 at 1.) However, district courts are generally divested of jurisdiction over removal proceedings, with only narrow exceptions. The REAL ID Act of 2005 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 [(the All Writs Act)]of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5); see also 8 U.S.C. § 1252(e) ("no court may – (A) enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection, . . . .) Here, petitioner does not rely on any exceptions provided in the federal statute. (ECF No. 15, *passim*.) Rather, petitioner solely relies on his pending federal habeas petition, brought under 28 U.S.C. § 2241, in which he seeks to vacate his prior federal criminal conviction on which the removal order is based. (ECF No. 15 at 2.)

Section 1252(g) of the REAL ID Act, in conjunction with section 1252(a)(5), quoted above, in effect requires that any such stay be sought administratively or in the Court of Appeals:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 [(the All Writs Act)] of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien

>     arising from the decision or action by the Attorney General to
>     commence proceedings, adjudicate cases, or execute removal orders
>     against any alien under this chapter.

8 U.S.C. § 1252(g). "The language of the statute is clear. The exclusive means to challenge an order of removal is the petition for review process." Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012).

Thus, this court lacks jurisdiction to grant petitioner a stay of the removal order, and the motion for stay should be denied.[2]

V. Habeas Petition Under § 2241

### 1. Improper Respondent

Petitioner names the former U.S. Attorney General, Jefferson Sessions, as the respondent. However, petitioner is no longer incarcerated based on the 2014 conviction challenged in his § 2241 petition. Rather, petitioner served his sentence and has now been detained by the U.S. Immigration and Customs Enforcement ("ICE"), and housed at the Yuba County Jail. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (in a habeas proceeding, the proper respondent is one who possesses "the power to produce the body of such party before the court or judge," quoting Wales v. Whitney, 114 U.S. 564, 574 (1885)). "In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement -- "core challenges" -- the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld, 542 U.S. at 435. Thus, Mr. Sessions is not the immediate custodian of petitioner, and therefore is not the proper respondent in this habeas petition.

### 2. Improper Jurisdiction

But even assuming the Attorney General is a proper respondent in the context of the § 2241 petition, petitioner has failed to demonstrate there is proper jurisdiction in this court.

---

[2] As noted above, on December 19, 2018, the Ninth Circuit denied petitioner's motion for a stay of removal pending review. (ECF No. 21 at 33.) Subsequently, the Ninth Circuit dismissed the case based on petitioner's failure to prosecute. Henriquez, No. 18-71949 (9th Cir. Apr. 8, 2019).

7

"A motion under § 2255 is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement." See Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012), as amended (May 31, 2012), citing see Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) ("restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."). Only the sentencing court has jurisdiction over such challenges. Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988).[3]

"[A] federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011), quoting 28 U.S.C. § 2255(e). Such exception is known as the "escape hatch" or "savings clause" of § 2255. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008) (citations omitted). A federal prisoner qualifies for the escape hatch if he or she "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). The escape hatch is "narrow," and does not apply "merely because § 2255's gatekeeping provisions," such as the limit on successive petitions or the statute of limitations, now prevent the court from considering a § 2255 motion. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Here, petitioner challenges the validity and constitutionality of his conviction, not the execution of his sentence. Thus, unless petitioner can demonstrate he qualifies for the escape hatch of § 2255, petitioner must file a motion under § 2255 in the district of his conviction, not a habeas petition under § 2241.

In both his § 2241 petition and his opposition to respondent's motion to dismiss, petitioner does not raise a claim of actual innocence. (ECF Nos. 1, 2, 26.) Rather, petitioner claims that he sustained ineffective assistance of counsel because defense counsel failed to adequately advise

---

[3] On the other hand, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district of confinement. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

petitioner about the immigration consequences of his guilty plea or about his appellate rights. Absent a showing of factual innocence, "not mere legal insufficiency," petitioner is not entitled to file a § 2241 petitioner under the escape hatch of § 2255. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).

Similarly, petitioner fails to demonstrate that he has not had "an unobstructed procedural shot at presenting" his § 2255 claim in the District of Kansas. Rather, the court docket confirms that petitioner did not file a § 2255 motion in the District of Kansas. <u>U.S. v. Alvarado</u>, No. 14-cr-10050-01. Thus, petitioner was not subject to the stringent requirements governing a second or successive motion as were the petitioners in <u>Alaimalo</u> and <u>Stephens</u>. Rather, it appears petitioner had an opportunity to file a § 2255 motion but did not.

Accordingly, petitioner has failed to demonstrate that he is entitled to file a § 2241 petition under the § 2255(e) escape hatch. Because this court lacks jurisdiction to review this petition under § 2241, summary dismissal of this petition is warranted.

VI. <u>Conclusion</u>

IT IS HEREBY ORDERED that the order to show cause (ECF No. 23) is discharged, and the March 12, 2019 findings and recommendations (ECF No. 25) are vacated.

Further, IT IS RECOMMENDED that:

1. Petitioner's motion for stay (ECF No. 15) be denied;

2. Respondent's motion to dismiss (ECF No. 20) be granted;

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 17, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/henr3128.mtd.2241.ice